UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-216 (DWF/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| James Marvin Reed, | |
| Defendant. | |

## INTRODUCTION

The matter is before the Court on the United States of America's (the "Government") motion in limine (Doc. No. 58) seeking to admit evidence that the defendant previously sexually assaulted two other victims. Defendant opposes the motion (Doc. No. 66). For the reasons discussed below, the Court grants in part and denies in part the Government's motion.

## BACKGROUND

The Government has charged Defendant James Reed with one count of Engaging in Illicit Conduct in Foreign Places in violation of 18 U.S.C. § 2423(c). Reed, a U.S. citizen, stands accused of engaging illicit sexual conduct in the Philippines with a fourteen-year-old girl, referred to throughout as "Minor A." According to the Government, Reed met Minor A in 2007 when she was fourteen. (USAO Br. at 2.)[1]

---

[1] The Court cites to the Government's Memorandum in Support of its Motion in Limine as "USAO Br."(Doc. No. 58); and Reed's Opposition Brief as "Opp." (Doc. No. 66).

Minor A visited Reed approximately ten times from September to December 2007. (*Id.*) During each visit, the two would engage in sexual intercourse, after which Reed would pay Minor A. (*Id.*) In 2008, Minor A gave birth to a child. (*Id.*) The Government contends that it can prove through DNA evidence that Reed fathered the child. (*Id.*)

The Government has filed a motion in limine seeking to admit evidence of accusations that Reed previously sexually assaulted two other victims. First, the Government seeks to admit evidence about "Minor B," Reed's "biological relative." (*Id.* at 4.) Minor B lives in the Philippines. In 2016, Reed allegedly sexually abused Minor B, when she was five or six years old.

Second, the Government seeks to admit evidence from "Adult 1," a "biological relative" of Reed, whom Reed allegedly sexually molested from 1985 until 1995, when Adult 1 was between 8 and 14 years old.[2] Additionally, the Government seeks to have Adult 1 testify that Reed apparently told Adult 1 about his sexual activity with minor girls in the Philippines.

## DISCUSSION

### I.  Legal Standard

A district court is accorded discretion in its evidentiary rulings. *United States v. Battle*, 774 F.3d 504, 512 (8th Cir. 2014). In this case, the Government contends that the evidence is admissible under Federal Rule of Evidence 413 or 404(b) and should not be excluded by Rule 403. In his opposition, Reed first argues that the Court should limit the

---

[2]  The dates and ages are based on representations from the Government. (USAO Br. at 5.)

evidence about Minor A. Specifically, Reed outlines concerns that the Government will seek to admit nude photos of Minor A taken by Reed.[3] Additionally, Reed argues that the evidence regarding Minor B and Adult 1 is inadmissible under either Rule 413, 404(b), or 403.

## II. Minor A Photos

Reed argues in his opposition that the Court should exclude evidence and testimony regarding nude photos that Reed allegedly took of Minor A. Reed argues that because the photos do not establish any of the elements of the charged crime, the photos are extrinsic evidence of other misconduct, and therefore must be admissible under Rule 404(b) or 413. *See United States v. Buckner*, 868 F.3d 684, 688 (8th Cir. 2017). Evidence of other misconduct can be considered intrinsic evidence when it offers context to the charged crimes. *Id.* "Intrinsic evidence 'provides a total picture of the charged crime,' or 'tends logically to prove [an] element of the crime charged,' and is subject to testing under regular principles of admissibility. *Id.* (quoting *United States v. Thomas*, 760 F.3d 879, 883-84 (8th Cir. 2014) (internal citations omitted)).

Here, the Court concludes that the photos of Minor A are admissible as intrinsic evidence. The photos are evidence of Reed's state of mind, the nature of the relationship, and the circumstances of the crime. Moreover, the photos go to the credibility of both

---

[3] Reed also objects to the Government presenting the more "salacious details" about the alleged illicit sexual conduct with Minor A. Reed concedes, however, that the proper timing of this objection is during the trial via a Rule 403 objection. (Opp. at 17.) Thus, the Court will not address the argument here.

Reed and Minor A.  Thus, the Court concludes that the photos are admissible provided that the Government lays the proper foundation.[4]

### III. Prior Bad Acts

The Government moves to admit evidence of Reed's sexual abuse of Minor B and Adult 1.  As a general rule, evidence of a defendant's prior bad acts is not admissible to prove his propensity to commit the charged crime.  *See* Fed. R. Evid. 404(b).  However, Federal Rules of Evidence 413 and 414 create an exception to that general rule in cases where the charged crime is sexual assault or child molestation.  Fed. R. Evid. 413, 414.  In such cases, evidence of any prior sexual assault or child molestation offense is admissible for any relevant purpose, including to prove the defendant's propensity to commit the charged offense.  *Id.*  These rules are subject to Rule 403, under which otherwise admissible propensity evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice.  Fed. R. Evid. 403.  Though Rules 413 and 414 reflect a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible," *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997), the prior offenses must be similar enough to the charged offense to be probative of the defendant's propensity to commit that specific offense.  *See United States v. Crow Eagle*, 705 F.3d 325, 327 (8th Cir. 2013) (per curiam); *United*

---

[4] The Court notes that the issue is not properly before the Court as Reed has not filed a motion nor have the photos been submitted to the Court for review.  Moreover, the Court's ruling would be the same irrespective of whether the photos of Minor A constitute child pornography.  The Court might therefore revisit the issue at trial should the need arise.  The Court will also resolve at trial whether the Government may refer to the photos as "child pornography."

*States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001). "Thus, even where prior offenses are offered solely to prove the defendant's propensity to commit the charged offense, the district court is required to conduct a careful analysis of the prior offenses to determine that they are in fact probative of propensity and are not overly prejudicial." *United States v. Luger*, 837 F.3d 870, 874 (8th Cir. 2016).

The Eighth Circuit has focused on the similarities of the crimes and the proximity in time of the events. *See, e.g.*, *United States v. Luger*, 837 F.3d 870, 874 (8th Cir. 2016) ("The assaults against M.N. and S.C. had occurred more than 25 years prior to the trial in this case, diminishing the probative value of their testimony and potentially increasing its prejudicial effect."); *United States v. Med. Horn*, 447 F.3d 620, 623 (8th Cir. 2006) ("We agree with the District Court that the Rule 413 evidence was probative because it involved substantially similar offenses as the crimes charged."); *United States v. Crawford*, 413 F.3d 873, 876 (8th Cir. 2005) ("The 1994 conviction was relevant because it involved a similar crime—sexual assault of an eight-year-old girl."). *But see United States v. Hollow Horn*, 523 F.3d 882, 888-89 (8th Cir. 2008) (affirming the district court's admission of evidence of an eleven-year-old rape of a 20-year-old woman in a trial of sexual misconduct involving two young girls).

Here, the Government seeks to admit evidence regarding Minor B and Adult 1. The Government contends that Reed sexually assaulted Minor B in 2016, when she was five or six years old. The Court concludes that such information is not sufficiently similar to the allegations in this case that Reed engaged in illicit sexual conduct with Minor A—a fourteen or fifteen year old. Thus, the Court concludes that the evidence is

5

not admissible under Rule 413 or 404(b).  Additionally, the Court concludes that the evidence does not survive the Court's Rule 403 analysis.

The Government also seeks to admit evidence of sexual molestation of Adult 1, which occurred from 1985 until 1995, when Adult 1 was between 8 and 14 years old. The alleged abuse, however, is too far removed in time from the allegations here to be probative.  *See Luger*, 837 F.3d at 874.  Thus, the Court concludes that the evidence is not admissible under Rule 413 or 404(b).  Additionally, the Court concludes that the evidence does not survive the Court's Rule 403 analysis.

## IV.  Statements to Adult 1

Last, the Government seeks to allow Adult 1 to testify that Reed told her while he was in the Philippines about his sexual activity with 16- or 17-year-old girls.  Reed argues that this evidence is not admissible under Rule 413 or 404(b).  The Government argues that the evidence should be admitted under Rule 404(b) as evidence of lack of mistake regarding Minor A's age, a possible defense to Reed's crime.[5]  *See* 18 U.S.C. § 2423(g).

Although evidence of a prior bad act is not admissible to show a defendant's propensity to commit criminal acts, it is admissible under Rule 404(b) to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  Evidence of a prior bad act "is admissible if (1) it is

---

[5]  The Court declines to address whether the evidence would be admissible under Rule 413.  But if the Court had reached the issue, the Court would have found that the Government had failed to meet its burden given the presumption that the evidence is inadmissible.  Thus, the Court would have found the evidence inadmissible under Rule 413.

6

relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016).

Here, the conversations meet three of the four elements: (1) the evidence of the conversations is relevant to a material issue—whether Reed was mistaken about Minor A's age; (2) the other encounters are similar in time and kind to the allegations involving Minor A, because they all occurred with teenage girls while Reed was living abroad; and (3) the potential prejudice does not substantially outweigh the evidence's probative value. Left out of the analysis is whether the conversations are supported by sufficient evidence. But provided that the Government lays the proper foundation for the statements, the Court concludes that the evidence of Reed's conversations with Adult 1 is admissible.

## ORDER

Based upon the memoranda and pleadings, and the Court being other duly advised in the premises, **IT IS HEREBY ORDERED**:

1.  The Government's Motion in Limine (Doc. No. [58]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Government's Motion in Limine to present evidence regarding Reed's sexual assault of Minor B is **DENIED**.

    b. The Government's Motion in Limine to present evidence regarding Reed's sexual assault of Adult 1 is **DENIED**.

7

    c. The Government's Motion in Limine to present evidence of Adult 1's conversations with Reed about his sexual activity with 16- or 17-year-old girls while he was in abroad is **GRANTED**.  The Government may present such evidence provided that the Government lays the proper foundation.

Dated:  February 16, 2018   s/Donovan W. Frank
              DONOVAN W. FRANK
              United States District Judge